PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1250
_____

MARS HOME FOR YOUTH,
Petitioner

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent

THE PENNSYLVANIA SOCIAL SERVICES UNION,
LOCAL 668 OF
THE SERVICE EMPLOYEES INTERNATIONAL UNION,
AFL-CIO,

Intervenor
_____

No. 11-1590
_____

NATIONAL LABOR RELATIONS BOARD,

Petitioner

THE PENNSYLVANIA SOCIAL SERVICES UNION,
LOCAL 668 OF
THE SERVICE EMPLOYEES INTERNATIONAL UNION,
AFL-CIO,

Intervenor
v.

MARS HOME FOR YOUTH,

Respondent

_____


ON PETITION FOR REVIEW AND CROSS-
APPLICATION
FOR ENFORCEMENT OF AN ORDER OF
THE NATIONAL LABOR RELATIONS BOARD

Submitted Under Third Circuit L.A.R. 34.1(a),
October 5, 2011

BEFORE:  McKEE, *Chief Judge*, FUENTES, GREENBERG,
*Circuit Judges*

(Opinion Filed: October 26, 2011)

Ronald J. Andrykovitch, Esq.
Jessi D. Isenhart, Esq.

Cohen & Grigsby
625 Liberty Avenue
Pittsburgh, PA 15222

*Counsel for Petitioner and Cross-Respondent*

Ruth E. Burdick, Esq.
National Labor Relations Board
Appellate and Supreme Court Litigation Branch, Division of
Enforcement
1099 14th Street, N.W.
Washington, DC 20570-0001

Linda Dreeben, Esq.
MacKenzie Fillow, Esq.
National Labor Relations Board
Room 8100
1099 14th Street, N.W.
Washington, DC 20570

Amy H. Ginn, Esq.
Jill A. Griffin, Esq.
National Labor Relations Board
Appellate Court Branch
1099 14th Street, N.W.
Washington, DC 20570-0000

*Counsel for Respondent and Cross-Petitioner*

Claudia Davidson, Esq.
500 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219-0000

*Counsel for Intervenor-Respondent The Pennslyvania Social Services Union, Local 668 of the Service Employees International Union, AFL-CIO.*

_____

OPINION OF THE COURT

_____

FUENTES, *Circuit Judge*.

Mars Home for Youth filed a Petition for Review of a final decision and order of the National Labor Relations Board (the "Board"). The Board filed a Cross Application for Enforcement. Mars Home seeks review of the Board's determination that five Assistant Residential Program Mangers ("assistant managers") were not "supervisors" under Section 2(11) of the National Labor Relations Act (the "Act"), and thus were able to participate in a unionizing vote. We reject Mars Home's petition and grant the Board's cross-application for enforcement.

**I.**

Mars Home for Youth is a facility that provides residential and other services to at-risk juveniles. Each of the six residential units is staffed by a residential program manager ("program managers"), an assistant residential program manager, and resident assistants ("assistants"). The assistants report to the assistant managers who, in turn, report to the program manager.

4

The Pennsylvania Social Services Union Local 669 a/w Service Employees International Union a/w CTW ("Union") filed a petition before the National Labor Relations Board seeking to represent the assistants and assistant managers as a collective bargaining unit. Mars Home opposed the inclusion of the assistant managers on the basis that they were supervisors. After a hearing, the Regional Director of the NLRB issued a decision finding that the five assistant managers were not supervisors and could be included in the collective bargaining unit. Mars Home timely sought review of the decision, which was denied.

Union elections were held and the group voted 34-31 in favor of allowing the Union to represent them collectively. The NLRB certified the Union as the exclusive collective-bargaining representative of the employees. Mars Home refused to bargain, contending that the certification was invalid.

The Union filed an unfair labor practice charge and the NLRB issued a complaint against Mars Home alleging that its refusal to bargain violated Sections 8(a)(1) and (5) of the National Labor Relations Act. The Board found that Mars Home violated the Act and issued a cease and desist order. Mars Home timely petitioned this Court and the Board cross-petitioned for enforcement of its order.[1]

**II.**

---

[1] We exercise jurisdiction over the appeal of the Board's decision pursuant to Sections 10(e) and (f) of the National Labor Relations Act, 29 U.S.C. §§ 160(e), (f).

Our review of the National Labor Relations Board's decisions is limited. We "accept the Board's factual determinations and reasonable inferences derived from factual determinations if they are supported by substantial evidence." *Citizens Publishing and Printing Co. v. NLRB*, 263 F.3d 224, 232 (3d Cir. 2001). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* We uphold the Board's conclusions of fact "even if we would have made a contrary determination had the matter been before us de novo." *Id.* The Board's legal determinations are subject to plenary review, but "with due deference to the Board's expertise in labor matters." *NLRB v. St. George Warehouse, Inc.*, 645 F.3d 666, 671 (3d Cir. 2011). We uphold the Board's interpretations of the Act if they are reasonable. *Citizens Publishing and Printing Co.*, 263 F.3d at 233. We have cautioned that "determinations respecting supervisor status are particularly suited to the Board's expertise." *NLRB v. W.C. McQuaide, Inc.*, 552 F.2d 519, 532 (3d Cir. 1977).

### III.

To be entitled to the Act's protections and includable in a bargaining unit, one must be an "employee" as defined by the Act. *See* 29 U.S.C. §§ 2(3), 152(3); *see also NLRB v. Kentucky River Cmty. Care, Inc.*, 532 U.S. 706, 711 (2001). The definition of "employee" does not include "supervisors." *See id.* at § 152(3). A supervisor is:

> any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward,

6

or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

29 U.S.C. § 152(11). Whether someone is a supervisor is a question of fact, and thus will be upheld if it is supported by substantial evidence. *See W.C. McQuiade*, *Inc.*, 552 F.2d at 532-33; *NLRB v. Quinnipiac College*, 256 F.3d 68, 75 (2d Cir. 2001); *Entergy Gulf States., Inc. v. NLRB*, 253 F.3d 203, 208 (5th Cir. 2001). There is a three-part test for determining supervisory status. Employees are supervisors if: "(1) they hold the authority to engage in any 1 of the 12 listed supervisory functions, (2) their exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment, and (3) their authority is held in the interest of the employer." *Kentucky River*, 532 U.S. at 713 (internal quotation marks omitted). A supervisor exercises independent judgment when he acts or recommends action "free of the control of others and form[s] an opinion or evaluation by discerning and comparing data." *In re Oakwood Healthcare, Inc.*, 348 N.L.R.B. 686, 692-93 (2006). As the party asserting it, Mars Home bears the burden of establishing supervisory status. *Kentucky River,* 532 U.S. at 711-12.

Mars Home alleges that the assistant managers were supervisors under the Act because they responsibly directed the work of employees, assigned employees and had the authority to discipline them. We disagree.

7

A.

Mars Home contends that the Board erred when it found that it had not met its burden of producing sufficient evidence to establish that the assistant managers "responsibly direct" the assistant's work.

The Board, held that for direction to be responsible, "the person directing and performing the oversight of the employee must be accountable for the performance of the task by the other, such that some adverse consequence may befall the one providing the oversight if the tasks performed by the employee are not performed properly."[2] *In re Oakwood Healthcare, Inc.*, 348 N.L.R.B. 686, 691-92 (2006). The putative supervisor must be at risk of suffering adverse consequences for the actual performance of others, not his own performance in overseeing others. *Id.* at 695.

The record before the Board contained numerous examples of where assistant managers were not disciplined for the failure of resident assistants to follow their directions. Rather, the record shows that the assistant managers were disciplined for their own failings as managers.

---

[2] The term "responsibly to direct" is ambiguous. *NLRB v. Health Care & Retirement Corp.*, 511 U.S. 571, 579 (1994). Thus the Board's interpretation is entitled to deference so long as it is reasonable. *See Fei Mei Cheng v. Att'y General*, 623 F.3d 175, 185-86 (3d Cir. 2010). We find that the Board's interpretation to be reasonable and thus entitled to deference. *See e.g.*, *Loparex LLC v. NLRB*, 591 F.3d 540, 550 (7th Cir. 2009).

8

Mars Home's argument that it implemented an evaluation system that encompassed the assistant manager's responsible direction is similarly unavailing. The change has yet to be implemented. Further, the evaluation form, which will form the basis of these pay raises, does not evaluate the assistant managers on their responsible direction. The only relevant category is "interpersonal relationships," but Mars Home points to no evidence in the record that indicates how the program managers use this category, or any other, in evaluating the assistant managers' directing others.

Overall, the Board's determination that Mars Home failed to meet its burden of demonstrating that the assistant managers are supervisors because they responsibly direct others is supported by substantial evidence and should not be disturbed.

## B.

Mars Home further alleges that the assistant managers are supervisors under Section 2(11) of the National Labor Relations Act because they possess the authority to assign assistants to various tasks.

The Board has construed the term "assign" to "refer to the act of designating an employee to a place . . ., appointing an employee to a time, . . . or giving significant overall duties, i.e., tasks, to an employee."[3] *Oakwood Health*, 348 NLRB at

---

[3] Similar to "responsibly to direct," the phrase "assign" is ambiguous and thus the Board's interpretation is upheld if

689. A supervisor designates "significant overall duties to an employee" not simply "instructions that an employee perform a discrete task." *Id.* A supervisor must have the power to require that these duties be undertaken. *Golden Crest*, 348 NLRB at 729.

As to scheduling, there is sufficient evidence in the record that only some assistant managers had the authority to recommend an assistant's schedule, which was later reviewed and approved by the program manager, and they had no authority to require the assistant to follow certain schedules. *See Golden Crest*, 348 NLRB at 729 (finding no authority to assign when only another held the power to mandate). Further, the schedules are constrained by significant Government and Mars Home regulations, which cuts against finding that the assistant managers acted with independent judgment.

Part of the assistant manager's duties is to make sure that the resident halls are adequately staffed at all times. If assistants are absent, an assistant manager may either let the unit run short-staffed, assuming it still has the required staff-to-resident ratio, pull an assistant from another unit, or find a volunteer. When seeking volunteers, it is Mars Home's informal policy that the assistant manager call the most junior assistant first and that no employee may work for more than 16 consecutive hours. A program manager must approve any overtime.

---

it is reasonable. We find that it is and thus is entitled to deference.

Also, there is sufficient evidence in the record that demonstrates the assistant managers do not have the authority to assign transportation duty to the assistants. In fact, one assistant manager testified that when a resident needs to be transported he simply asks for volunteers and bases any staffing decisions on the gender of the patient.

Finally, the Board's interpretation that daily work schedules, such as assigning an assistant to monitor a single resident or to respond to a crisis constituted evidence of direction, not assignment, is not unreasonable. The Board has interpreted assignment to mean the allocation of significant overall responsibilities to an employee, not ad hoc duties. *Oakwood Health*, 348 NLRB at 689. Here, it is plain that the assistant managers are giving only ad hoc duties, which is not evidence of the authority to assign under the Act.

Based on the above, the Board's conclusion that the assistant managers lack the authority to assign under Section 2(11) or did not use independent judgment is supported by substantial evidence and will not be overturned.

## IV.

We have considered Mars Home's remaining claims and find them without merit. Mars Home for Youth's Petition for Review is DENIED. The National Labor Relations Board's Cross-Application for Enforcement of its Order is GRANTED.

11