**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1472
_____

MICHAEL V. PELLICANO,
                                        Appellant

v.

OFFICE OF PERSONNEL MANAGEMENT,
Insurance Operations, Health Insurance II
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-17-cv-00698)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 24, 2022

Before: KRAUSE, BIBAS, and SCIRICA, *Circuit Judges*

(Opinion filed: March 3, 2022)

_____

———————

OPINION*

———————

PER CURIAM

Pro se appellant Michael Pellicano appeals from the District Court's order granting summary judgment in favor of the Office of Personnel Management (OPM) and denying his cross-motion for summary judgment. For the reasons that follow, we will affirm in part and vacate and remand in part. The motion to file a reply brief out of time is granted.

Pellicano is a retired federal employee who was disabled after suffering a spinal cord injury and is a quadriplegic. In this 2017 lawsuit, he challenged five different OPM decisions upholding coverage determinations by his insurer, the National Association of Letter Carriers (NALC) Health Benefit Plan, which is covered by the Federal Employee Health Benefit Act (FEHBA), 5 U.S.C. § 8901, et seq.[1] The District Court dismissed claims challenging two of the decisions with prejudice and remanded three others for further proceedings. At the conclusion of those administrative proceedings, OPM upheld the denials of coverage for the remaining three claims, and the District Court agreed with the decisions. On appeal, Pellicano raises arguments in his briefs about just one of them: OPM's claim numbered Y16063002, a pre-authorization request for a replacement Shower Commode

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] He previously brought a similar suit against OPM (concerning a decision by a different insurer). We affirmed the District Court's grant of summary judgment in that case after he filed this suit. *Pellicano v. Off. Pers. Mgmt.*, 714 F. App'x 162 (3d Cir. 2017).

Chair.[2] Accordingly, we will focus our review on that determination alone. *See Barna v. Bd. of Sch. Dir. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017) (citing Fed. R. App. P. 28(a) and 3d Cir. L.A.R. 28.1, and noting that, to preserve an issue, the litigant must raise it in the opening brief).

According to Pellicano, his Shower Commode Chair is an utterly necessary piece of specialized medical equipment that permits him to complete a complex and lengthy daily bowel ritual with the assistance of a caregiver. He notes that a previous insurer approved reimbursement for his original purchase of such a device in 2003. In 2014, Pellicano applied to NALC for reimbursement of replacement parts for his chair. NALC approved partial reimbursement. In 2015, he sought pre-authorization for the purchase of a new chair. NALC denied the request, determining that the chair was "not a covered item per our Durable Medical Equipment benefits in our Health Benefit Plan brochure." 3d Cir. ECF No. 21-14 at 79.[3] When Pellicano appealed the decision to OPM, NACL argued that the chair was not medically necessary, was a personal convenience item, and was not a covered

---

[2] The other two claims remanded were: Y15035005, for repair of an FES Cycle Ergometer, and Y15099009, for replacement parts for a Shower Commode Chair. Because the Plan's treatment of the latter claim was relevant to the denial of a new chair, it will be discussed only as it relates to the denial of Y16063002.

[3] The NALC plan brochure provides that Durable Medical Equipment (DME) is equipment and supplies that are prescribed by your attending physician; are medically necessary; are primarily and customarily used only for a medical purpose; are generally useful only to a person with an illness or injury; are designed for prolonged use; and serve a specific therapeutic purpose in the treatment of an illness or injury. *See* 3d Cir. ECF No. 21-14 at 55. The brochure also indicates that, among other things, safety and convenience items do not meet these requirements and are not covered. *See id.* at 56.

DME under the Plan's criteria in the brochure. *Id.* at 87-88. OPM issued a letter upholding the decision. D. Ct. ECF No. 1-1 at 15.

When Pellicano sought judicial review in the District Court, however, OPM acknowledged that its letter decision did not satisfactorily explain why application of the Plan's provisions led to its decision to uphold NALC's denial, and further noted that NALC may have previously approved replacement parts for the same type of DME.[4] OPM asked for a remand to develop the record by potentially obtaining an independent medical review on the issue of medical necessity and requesting any plan policies "informing the plan brochure terms relative to coverage of the type of DME." D. Ct. ECF No. 7 at 3. The District Court thus remanded the matter.

After the District Court granted the remand, OPM specifically inquired into why NALC approved partial reimbursement for replacement parts but not for a new chair. NALC responded that it exercised its discretion to approve partial reimbursement for the parts knowing that the Plan would not preauthorize a new chair. NALC also argued that chairs were not DME because they are useful to people even without a specific illness or injury. It also produced, for the first time, an Electronic Claims Manual (ECM), an internal document used to inform claims analysts about Plan coverage for particular items; the ECM indicated that the chairs are ineligible for coverage. OPM accepted NALC's explanations and upheld its decision. *See* 3d Cir. ECF No. 21-3 at 120–24. After the parties filed cross motions for

---

[4] The repair of Pellicano's old chair was the subject of the claim at Y15099009, mentioned in note 2. Pellicano alleged that the Plan should have paid the full amount for the repairs, $415, instead of the $332 amount which NALC explained was in accordance with the Plan's non-PPO benefits.

summary judgment, the Magistrate Judge determined that OPM's reasoning should be upheld under the APA's deferential standard of review and recommended summary judgment in OPM's favor. The District Judge adopted that recommendation, and denied Pellicano's subsequent motion for reconsideration. Pellicano filed this timely appeal.

We have jurisdiction to review the District Court's decision under 28 U.S.C. §1291. We review de novo the District Court's grant of summary judgment to OPM and denial to Pellicano, and, as the case was brought under the Administrative Procedure Act (APA), *see* 5 U.S.C. §701 et seq., we will apply the appropriate standard of review to the underlying agency decision. *See Pa. Dep't of Human Servs. v. United States*, 897 F.3d 497, 504 (3d Cir. 2018). We will set aside OPM's actions if they are "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or [are] conducted 'without observance of procedure required by law.'" *Id.* (quoting 5 U.S.C. §706(2)(A) & (D)). Although the scope of our review is narrow and deferential, we must confirm that the "agency [considered] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotation marks omitted).

As noted above, when the District Court remanded this matter to the agency in 2018, OPM asked NALC whether the two shower-commode-chair claims referred to the same type of durable medical equipment, and if so, whether the disparate coverage decisions were correct. NALC confirmed that they referred to the same items, and that, despite the difference in result, they were correctly decided. NALC explained that "*[w]hen Mr.*

5

*Pellicano requested a new shower commode chair*, rather than simply deny his request, we decided, within our discretion under Section 2.2(b)(2) of our OPM contract, and, as an act of good will for the patient, to provide some level of coverage for the replacement part needed for his existing chair, knowing we were not going to cover a new shower commode chair under the terms of the brochure." 3d Cir. ECF No. 21-3 at 44 (emphasis added). Whatever may be made of this explanation, it simply cannot be true that NALC authorized the replacement parts "when Mr. Pellicano requested a new shower commode chair." As the Administrative Record before us indicates, NALC paid its portion for chair replacement parts in February 2015, *see* 3d Cir. ECF No. 21-4 at 4, well before Pellicano had filed the request for a new chair in December 2015; thus, the second decision could not have informed the first. *See Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 305 (3d Cir. 2013) (noting that "post-hoc rationalizations" will not support agency actions).

In one of Pellicano's previous cases before us, we decided that the agency did not act in an arbitrary fashion when it provided coverage for a particular claim but subsequently reconsidered and applied a "corrected" understanding of Plan terms when a like claim was made later. *See Pellicano*, 714 F. App'x at 166. But that is not what the agency has said here. Instead, NALC (and OPM, on summary judgment and on appeal), has held fast to what is, at best, a confusing explanation which also appears to contradict what it said in its April 15, 2015 memorandum explaining why NALC was only paying $332 of the amount for replacement parts. 3d Cir. ECF No. 21-4 at 15–16 (applying the Plan brochure's benefit limitations on page 47 for non-PPO Plan allowance "for durable medical equipment," and

6

noting that the Plan processed "Pellicano's April 11, 2014 $415.00 durable medical equipment charges not covered by Medicare but covered under the Plan's non-PPO durable medical equipment benefit.").[5] Because the agency has offered insufficient reasons for treating similar circumstances differently, this part of the agency decision cannot stand. *See Nazareth Hosp. v. Sec'y U.S. Dept. of Health and Human Servs.*, 747 F.3d 172, 179–80 (3d Cir. 2014) (noting that "[i]f an agency makes an exception in one case, then it must either make an exception in a similar case or point to a relevant distinction between the two cases" (internal quotation marks and alteration omitted)).

Pellicano argues that the agency also erred in its explanation for asserting that the chair was not a covered DME as that term is defined in the Plan. *See* 3d Cir. ECF No. 21-3 at 121–22. As noted above, the Plan restricts coverage for DME to equipment and supplies that, among other things, "[a]re primarily and customarily used only for a medical purpose" and "[a]re generally useful only to a person with an illness or injury." 3d Cir. ECF No. 21-14 at 55. OPM explained that the chair did not meet these criteria, and that the chair instead qualified as a "safety" or "convenience" item that the Plan specifically excluded from DME coverage. *See id.*, 21-3 at 121–22.[6]

---

[5] OPM has relied on NALC's explanation for its decision to cover replacement parts in its motion for summary judgment and in its brief in this Court. *See* D. Ct. ECF No. 35-1 at 41, 43; 3d Cir. ECF No. 16 at 31 n.12.

[6] Before remand, OPM apparently upheld the denial in part because the chair was not medically necessary. D. Ct. ECF No. 1-1 at 15. On remand, OPM apparently abandoned its position that the chair was not medically necessary. *See generally* 3d Cir. ECF No. 21-3 at 120–22.

To support these points, OPM cited two website advertisements.[7] For the principle that the chairs are used by the elderly, it cited a marketing website, "Amazingmachines.info," which covers all manner of devices (including deep fryers, sewing machines, and air purifiers). OPM quoted the title of the advertisement, "Shower Commode Chairs Make Showering [E]asier for Elderly [sic]," as supporting its point that the chairs are used for nonmedical purposes by persons lacking illness or injury. *Id.* OPM likewise attempted to support classifying the chairs as excludable "safety" and "household" equipment using a statement about bathroom dangers from a site that sells occupational and physical therapy-related medical devices, "Rehabmart."

Our review is confined to the administrative record that was before the agency. *See Christ the King Manor, Inc.*, 730 F.3d at 305. In this case, OPM naturally cited to the Plan brochure provisions, but problematically, it then relied on excerpts from "Amazingmachines" and "Rehabmart" advertisements to explain the provisions of the Plan. Because OPM cited them for their substance in its October 25, 2018, letter of explanation to Pellicano, we must conclude that they played a role in informing OPM's decision. *See generally*

---

[7] In its October 25 letter, OPM stated that "shower commode chairs are commonly used by elderly individuals who do not necessarily have an illness or injury. *See, e.g.*, https://amazingmachines.info/shower-commode-chair-make-showering-easier-elderly (website that sells shower commode chairs states 'Shower Commode Chairs Make Showering easier for Elderly [sic]')." 3d Cir. ECF No. 21-3 at 121 (italics added). OPM continued that the Plan brochure excluded safety and convenience equipment, and that "[s]hower commode chairs are properly classified as safety or household equipment. *See, e.g.*, https://www.rehabmart.com/category/shower_commode_chairs.htm (website states that 'the bathroom is one of the most dangerous rooms in the house, especially for those with limited mobility. A shower commode chair is a convenient and safe piece of equipment to help prevent falls in the bathroom.')." *Id.* at 121–22 (italics added).

8

*Allegheny Def. Project, Inc. v. U.S. Forest Serv.*, 423 F.3d 215, 231 (3d Cir. 2005) (explaining that "the reasonableness of the agency's action is judged in accordance with its stated reasons" (internal quotation marks omitted)).

We must ensure that, "in reaching its decision, the agency examined the relevant data and articulated a satisfactory explanation for its action." *Prometheus Radio Project v. FCC*, 373 F.3d 372, 389–90 (3d Cir. 2004). Although the Federal Rules of Evidence generally do not apply in a strict sense to administrative proceedings, *see Richardson v. Perales*, 402 U.S. 389, 400–02 (1971), at a minimum, we would expect the agency to support its benefits determination with evidence that is relevant and reliable. *Cf. Mars Home for Youth v. NLRB*, 666 F.3d 850, 853 (3d Cir. 2011) (explaining that substantial evidence under the APA is relevant evidence that a reasonable mind might accept as adequate to support a conclusion). OPM relied on website advertising statements for their truth, which qualifies as hearsay. Even if the formal rule against hearsay does not apply, OPM did not afford Pellicano the opportunity to examine or rebut this evidence before incorporating it into its decision. *Cf. Karroumeh v. Lynch*, 820 F.3d 890, 898 (7th Cir. 2016) (noting that admission of hearsay evidence must include the opportunity to test reliability of statement); *Lacson v. U.S. Dept. of Homeland Sec.*, 726 F.3d 170, 178 (D.C. Cir. 2013) (explaining that administrative agencies may consider hearsay evidence only if it has "satisfactory indicia of reliability" and is "trustworthy") (internal quotation marks omitted).  From our review of the Administrative Record, it was OPM that first used the website advertisements to explain the terms of the health Plan—not NALC. Pellicano thus had no opportunity in the

9

administrative process to challenge these advertising excerpts as unreliable sources. Accordingly, we cannot concur in OPM's explanation that used them.

We note that the agency provided a third ground for denial of preauthorization in its October 25 letter: that the 2015 ECM listed Shower Commode Chairs as ineligible for coverage as DME. 3d Cir. ECF No. 21-3 at 122. However, while the harmless-error doctrine provides that we need not vacate an agency decision if the errors "have no bearing on the substantive decision of an agency," *Del. Riverkeeper Network v. Sec'y Pa. Dep't of Env't Prot.*, 833 F.3d 360, 377 (3d Cir. 2016), we cannot conclude that the errors here were harmless. OPM's decision mentioned the ECM in a single sentence, while it discussed the other rationales at much greater length.  It thus appears that the errors did bear on OPM's decision, and we decline to deem them harmless. *See generally Shinseki v. Sanders*, 556 U.S. 396, 411 (2009) (directing Courts to make "an estimation of the likelihood that the result would have been different"); *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011) (explaining that remand is not necessary when "it is highly probable that the error did not affect the outcome of the case").

Accordingly, we will vacate the District Court's grant of summary judgment to OPM on claim number Y16063002 and remand for further proceedings, which may include another remand to OPM. The District Court's order awarding summary judgment to OPM on all other claims will be affirmed.

10